1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| ANTHONY RASHAD JOHNSON CDC #F-39513, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO METROPOLITAN TROLLEY SYSTEMS, et al., <br><br> Defendants. | Civil No.    06-1192 L (CAB) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1)** |

18  On June 5, 2006, Plaintiff, an inmate currently incarcerated at the Richard J. Donovan

19  Correctional Facility in San Diego, California, and proceeding pro se filed a civil rights

20  Complaint pursuant to 42 U.S.C. § 1983.[1]  In his original Complaint, Plaintiff claimed that he

21  was physically assaulted by a San Diego Metropolitan Trolley Security Officer on June 2, 2005.

22  (Compl. at 1.)

23  This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to

24  28 U.S.C. § 1915(a) [Doc. No. 7], but sua sponte dismissed his Complaint for failing to state a

25  claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1). *See* September 26, 2006 Order

26

27  _____

28  [1]  This case has been referred to the Honorable Magistrate Judge Cathy Ann Bencivengo pursuant to Local Rule 72.3, "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges" and 28 U.S.C. § 636(b)(1).

at 6-7.  However, the Court also granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order.  *Id.*  After granting Plaintiff an extension of time, Plaintiff filed his First Amended Complaint ("FAC") on October 23, 2006 [Doc. No. 16].  The Court has conducted, once again, a sua sponte screening of Plaintiff's First Amended Complaint and finds that it suffers from the same deficiencies of pleading identified in the Court's previous Order.

## I.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As stated in the Court's September 26, 2006 Order, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

*Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.     State Action**

Once again, Plaintiff fails to allege any act on the part of Defendant San Diego Metropolitan Trolley Systems which was taken "under color of state law."  *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii).  Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983."  *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).  While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct."  *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997).  In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the government.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987).

////

////

1    Here, Plaintiff's Complaint fails to allege facts sufficient to show that the San Diego
2  Metropolitan Trolley Systems, acted on behalf of, or in any way attributable to, the state when
3  a private security officer allegedly assaulted Plaintiff. Thus, without more, Plaintiff's allegations
4  against San Diego Metropolitan Trolley Systems fail to satisfy the first prong of a § 1983 claim.
5  *See Haygood*, 769 F.2d at 1354.

6          **B.      Municipal Liability**

7          Further, Plaintiff, once again, names the "City of San Diego" as a Defendant. The City
8  of San Diego may be considered a "person" and therefore, a proper defendant under § 1983, *see*
9  *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Hammond v. County of*
10 *Madera*, 859 F.2d 797, 801 (9th Cir. 1988). However, as a municipality it may be held liable
11 under § 1983 only where the Plaintiff alleges facts to show that a constitutional deprivation was
12 caused by the implementation or execution of "a policy statement, ordinance, regulation, or
13 decision officially adopted and promulgated" by the City. *Monell*, 436 U.S. at 690; *Board of the*
14 *County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712,
15 714 (9th Cir. 1995). In other words, "respondeat superior and vicarious liability are not
16 cognizable theories of recovery against a municipality." *Miranda v. Clark County, Nevada*, 279
17 F.3d 1102, 1109-10 (9th Cir. 2002). "Instead, a *Monell* claim exists only where the alleged
18 constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.*
19 (quoting *Monell*, 436 U.S. at 694). Thus, Plaintiff has not stated a § 1983 claim because he has
20 failed to allege that any individual City employee deprived him of a constitutional right pursuant
21 to official municipal policy, custom or practice. *See Monell*, 436 U.S. at 690; *Brown*, 520 U.S.
22 at 403.

23          Despite the Court's warning in the September 26, 2006 Order that Plaintiff must correct
24 the deficiencies of pleading found in Plaintiff's Complaint, a review of the First Amended
25 Complaint demonstrates that Plaintiff has made no attempt to correct these problems.
26 Accordingly, the Court will grant Plaintiff one final opportunity to file an Amended Complaint
27 correcting the deficiencies of pleading. If Plaintiff fails to do so, his Second Amended
28 Complaint will be dismissed without leave to amend.

**II.     Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted in this Order, as well as the Court's September 26, 2006 Order.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS FURTHER ORDERED that:**

(2)     The Clerk of Court will mail a form § 1983 Complaint to Plaintiff..

**IT IS SO ORDERED.**

DATED:  November 29, 2006

M. James Lorenz
United States District Court Judge