1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

11

ANTHONY RASHAD JOHNSON
CDC #F-39513,

12

Plaintiff,

13

vs.

14

15

SAN DIEGO METROPOLITAN
TROLLEY SYSTEMS, et al.,

16

Defendants.

17

Civil No.    06-1192 L (CAB)

**ORDER DIRECTING U.S.
MARSHAL TO EFFECT SERVICE
OF SECOND AMENDED
COMPLAINT [Doc. No. 21]
PURSUANT TO FED.R.CIV.P. 4(c)(2)
AND 28 U.S.C. § 1915(d)**

18

19

20

21

22

23

24

25

26

On June 5, 2006, Plaintiff, an inmate currently incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  This Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 7], but sua sponte dismissed his Complaint for failing to state a   claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1).  *See* September 26, 2006 Order at 6-7.  However, the Court also granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order.  *Id.*  After granting Plaintiff an extension of time to file his Amended

27

28

---

[1]  This case has been referred to the Honorable Magistrate Judge Cathy Ann Bencivengo pursuant to Local Rule 72.3, "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges" and 28 U.S.C. § 636(b)(1).

pleading, Plaintiff filed his First Amended Complaint on October 23, 2006 [Doc. No. 16].  The Court also sua sponte screened Plaintiff's First Amended Complaint and permitted him leave to file a Second Amended Complaint.  Plaintiff filed his Second Amended Complaint ("SAC") on January 8, 2007 [Doc. No. 21].

## I.  Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

As stated in the Court's previous Orders, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988),

which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff was cautioned that any Defendants not named and all claims not re-alleged in the Amended Complaint would be deemed to have been waived. *See* Nov. 29, 2006 Order at 5 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  In his Second Amended Complaint, Plaintiff has not re-alleged any claims against the City of San Diego.  Thus, this Defendant is no longer part of this action.  Moreover, it is not clear from the face of Plaintiff's Second Amended Complaint whether the San Diego Metropolitan Trolley Systems is a "state actor" for purposes of § 1983 liability.  Thus, this question is one that can only be resolved by further briefing from the parties.

Accordingly, the Court finds that Plaintiff's Second Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Thus, Plaintiff is entitled to U.S. Marshal service on his behalf.  *Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.");  FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

## II.     Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.      The Clerk shall issue a summons for Defendants, provide Plaintiff with a certified copy of both this Order and his Second Amended Complaint [Doc. No. 21], and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal within a reasonable amount of time such that the U.S. Marshal can timely serve the Defendants within the 120 days provided by FED.R.CIV.P. 4(m).  The U.S. Marshal shall, after receiving Plaintiff's completed Form 285s, serve a copy of the Second Amended Complaint, its Exhibits and summons upon

1   Defendants as directed by Plaintiff on each U.S. Marshal Form 285.  All costs of service shall

2   be advanced by the United States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

3          2.     Plaintiff shall serve upon Defendants or, if appearance has been entered by

4   counsel, upon Defendants' counsel, a copy of every further pleading or other document

5   submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

6   filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

7   of any document was served on Defendants, or counsel for Defendants, and the date of service.

8          Any paper received by the Court which has not been filed with the Clerk or which fails

9   to include a Certificate of Service will be disregarded.

10         **IT IS SO ORDERED.**

11

12   DATED:  March 1, 2007

13                                                    _____

14                                                    M. James Lorenz
                                                     United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28