UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RASHAD JOHNSON<br>CDC #F-39513,<br><br>                    Plaintiff,<br><br>v.<br><br>SAN DIEGO METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY, INC., and SAN DIEGO METROPOLITAN TRANSIT SYSTEM SAN DIEGO TROLLEY, INC. EMPLOYEE A. CAMPBELL, CODE COMPLIANCE OFFICER,<br><br>                    Defendants. | Civil No.   06cv1192-L (CAB)<br><br>**ORDER :**<br><br>**1) GRANTING PLAINTIFF LEAVE TO FILE A FIFTH AMENDED COMPLAINT [Doc. No. 51]; AND<br>2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIFTH AMENDED COMPLAINT WHEN IT IS RECEIVED BY THE CLERK OF THE COURT** |

I

INTRODUCTION

Plaintiff Anthony Rashad Johnson, a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. §1983 for violation of his civil rights.  Plaintiff filed a "Motion proposed to a Fifth amended complaint, to add a party." [Doc. No. 51.] The Court construes the motion as a motion for leave to file a Fifth Amended Complaint.  The Court **GRANTS** plaintiff leave to file a Fifth Amended Complaint, but did not accept the proposed fifth amended complaint submitted with the motion.  Rather, plaintiff is granted 45 days, up to and including **January 25, 2008**, within which to file a (new) Fifth Amended

Complaint.  **THIS WILL BE THE LAST TIME PLAINTIFF WILL BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT.**  Therefore, the Court will give plaintiff 45 days to carefully prepare a (new) Fifth Amended Complaint before filing it with this Court and serving it on the existing defendants and any additional parties.

II

BACKGROUND

Plaintiff has a history of several unsuccessful attempts to name and serve proper Defendants.  Plaintiff alleges that a security officer at a San Diego trolley station handcuffed him and applied excessive force.  This action is brought against the officer and the employer entity.  Plaintiff originally instructed the U.S. Marshal to serve the entity Defendant named as "San Diego Metropolitan Trolley Service."  The summons was returned unexecuted, because "San Diego Metropolitan Trolley Service" was not the correct name.  Plaintiff then moved to amend the Complaint to change the name of the Defendant to "MTS." [Doc. No. 29.] Because "MTS" did not appear to be a proper name, the Court denied the motion without prejudice. [Doc. No. 30.]

Next, Plaintiff sought to change Defendant's name to "San Diego Metropolitan Transit System." [Doc. No. 32.]  The motion was granted. [Doc. No. 33.]  Plaintiff was ordered to file a Third Amended Complaint naming "San Diego Metropolitan Transit System" and "A.Campbell, San Diego Metropolitan Transit System, Employee" as Defendants.  The Third Amended Complaint naming Defendants as ordered was filed on July 13, 2007. [Doc. No. 34.] Also on July 13, 2007, the summons was issued.

The docket reflects four unexecuted returns of service attempted since July 13, 2007. [Doc. No. 36-39.]  The forms named Defendants as "San Diego Metropolitan *Trolley* System" instead of "San Diego Metropolitan *Transit* System," and "Employee Officer A. Campbell."  With respect to the Defendant named as "San Diego Metropolitan Trolley System," service was not effected because Plaintiff did not state the correct name.  With respect to the individual Defendant, the service was not effected because "the attorney/Legal Unit for MTA would not accept [service] on behalf of an individual

officer." [Doc. No. 36.]

On September 14, 2007, plaintiff filed a request that "the entity of the defendants be changed to its proper title." [Doc. No. 41: 20-21]. Plaintiff submitted a proposed Fourth Amended Complaint which named Defendants as "Metropolitan Transit System, San Diego Trolley, Inc." and "Metropolitan Transit System, San Diego Trolley, Inc. employee A. Campbell, Code Compliance Officer." On September 25, 2007, the court granted plaintiff's motion, accepted the Fourth Amended Complaint for filing, and ordered the U.S. Marshal to effect service. [Doc. No. 42.]

On October 18, 2007, the summons was effectively served on both San Diego Metropolitan Transit System and San Diego Trolley, Inc. [Doc. No. 45.]  The docket shows one unexecuted return of service as to A. Campbell (San Diego Metropolitan Transit System, Employee). [Doc. No. 46.]

On November 5, 2007, Defendants San Diego Metropolitan Transit System and San Diego Trolley, Inc. filed a Motion to Dismiss the Fourth Amended Complaint. [Doc. No. 47.]  In it, Defendants revealed that, at the time of the alleged incident, the officer named in the complaint (A. Campbell) was an employee of Transit System Security, not San Diego Transit or Metropolitan Transit Development Board. [Decl. Of Julie Morris Soden 2: 10-12.] According to Defendants, San Diego Trolley, Inc., contracts out the Security Patrol/Guard Services with Transit Systems Security and, on the date of the alleged incident, Transit Systems Security was providing security services to San Diego Trolley, Inc., pursuant to the terms of the contract. [Decl. Of Julie Morris Soden 2: 6-9.]

III

DISCUSSION

Plaintiff will be given a **FINAL** opportunity to amend the complaint and to file a (new) Fifth Amended Complaint.  Plaintiff should take time to redraft his complaint to ensure that each defendant is properly and exactly named.  For example, in her declaration, Ms. Soden refers to the employer of A. Campbell as both "Transit Systems Security" and as "Transit System Security."  Also, plaintiff may want to review whether the factual allegations of the complaint should be amended with regard to the

new defendant.

Plaintiff is advised that "an amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir. 1996); *USS-Posco Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO*, 31 F.3d 800, 811 (9th Cir. 1994).

Because an amended pleading supersedes the original, it must stand or fall on its own; jurisdictional and other allegations essential to the claim must be realleged; and the original complaint is rendered irrelevant. An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action. *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981). Claims in the original complaint that are not re-alleged in the amended complaint are no longer before the court and are deemed waived. *Id.* at 814.

Although the allegations of a *pro se* complaint are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Civil Local Rules of the Southern District of California.

Plaintiff's current amended complaint is based upon an alleged violation of his federal civil rights under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

/ / / / /

Title 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

In filing the fifth amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980). Also, the plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed constitutional deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff should also review the fifth amended complaint to ensure that it is being brought as to all parties within the appropriate time limits. While there is no federal statute of limitations for claims brought under sections 1983 and 1985, the Ninth Circuit has held that the California statute of limitations for filing personal injury claims applies to section 1983 and 1985 causes of action. *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004); *Shah v. County of Los Angeles, 2007 WL 4208292 (C.D. Cal.) at 11.*

Finally, as to service, plaintiff is reminded that despite the alleged relationship between the entities, he needs to treat and serve them as separate Defendants. Also it is noted that service still has not been effected for Officer A. Campbell. Therefore, plaintiff should review the rules for service on individuals.

/ / / / /

/ / / / /

/ / / / /

Accordingly, **IT IS HEREBY ORDERED**:

1) Plaintiff is **GRANTED** leave to file a (new) Fifth Amended Complaint on or before **January 25, 2007.** The proposed Fifth Amended Complaint that this court received on December 3, 2007, was **NOT** accepted for filing. Therefore, plaintiff must submit a new Fifth Amended Complaint on or before January 25, 2007. **THIS WILL BE THE LAST TIME PLAINTIFF WILL BE ALLOWED TO AMEND THE COMPLAINT. NO FURTHER LEAVE TO AMEND WILL BE GRANTED.**

2) Once the new Fifth Amended Complaint is filed, the Clerk shall issue a summons for Defendants, provide Plaintiff with a certified copy of both this Order and his Fifth Amended Complaint, and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each of the Defendants. Plaintiff shall complete the Forms 285 and forward them to the U.S. Marshal. Plaintiff is reminded that he must fill out the necessary forms with care, using Defendants' correct names. The U.S. Marshal shall, after receiving Plaintiff's completed Forms 285, serve a copy of the Fifth Amended Complaint, and any exhibits and summons, upon Defendants as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

**IT IS SO ORDERED.**

DATED: December 10, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge